

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-1-2008

# Yang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yang v. Atty Gen USA" (2008). *2008 Decisions.* Paper 428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5163

XINWANG YANG,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
(No. A72-993-689)

Submitted pursuant to Third Circuit LAR 34.1(a)
May 13, 2008

Before: McKEE and ROTH, *Circuit Judges*,
and PADOVA,* *Senior District Court Judge*

(Opinion filed: October 1, 2008)

---

*The Hon. John R. Padova, Senior District Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

1

---

OPINION

---

McKEE, *Circuit Judge*.

Xinwang Yang petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen. For the reasons that follow, we will deny the petition.

**I.**

Because we write primarily for the parties, we need not recite the factual or procedural history of this case except insofar as is helpful to our brief discussion.

Nearly three years after the BIA denied Yang's first motion to reopen, Yang filed a second motion to reopen with the BIA based on a claim of ineffective assistance of prior counsel. On November 29, 2006, the BIA denied that motion. The BIA explained that it was denying the motion to reopen because Yang "has not explained his delay of several years after we found that he had not complied with the requirements set forth in [*Matter of Lozada*, *supra*,] . . . , and . . . has not yet met the other requirements." AR 2. The BIA also found that Yang failed to demonstrate the "due diligence" required for equitable tolling of the filing deadline. *Id.* It further noted that the undated, unsworn statement from Yang's wife did not constitute "new, previously unavailable evidence to warrant reopening." *Id.* Therefore, the BIA denied Yang's motion to reopen as untimely. *Id.*

2

This petition to review the denial of his motion to reopen followed.[1]

## II.

Yang contends that the BIA abused its discretion in denying his motion to reopen.[2] Our review is limited to issues related to the BIA's November 29, 2006 denial of his motion to reopen.

Yang's motion to reopen is governed by 8 C.F.R. § 1003.2(c), which provides, in relevant part:

> Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board of the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later.

8 C.F.R. § 1003.2(c)(2).

Here, the "final administrative decision" was issued on October 31, 2002. Therefore, Yang had to move to reopen no later than 90 days from that date. Yet, his

---

[1] "We review a final order of the BIA denying a motion to reopen for abuse of discretion." *Mahmood v. Gonzales*, 427 F.3d 248, 250 (3d Cir. 2005) (citation omitted). "Review of the BIA's legal conclusions is *de novo*, with appropriate deference to the agency's interpretation of the underlying statute in accordance with administrative law principles." *Id.* (citation omitted). "Findings of fact may not be disturbed is supported by substantial evidence." *Id.* (citations omitted).

[2] Yang also argues that the IJ and the BIA erred in their adverse credibility determinations. Yang's Br. at 21-26. To the extent that Yang is challenging the final order of deportation issued by the BIA on October 31, 2003, the petition for review is dismissed for lack of jurisdiction because Yang did not seek review of that underlying order. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

motion to reopen was not filed until almost three years later. Accordingly, it was clearly untimely.[3] However, Yang argues that ineffectiveness of prior counsel should equitably toll the filing deadline.

A substantiated claim of ineffective assistance of counsel can toll the deadline for filing motions to reopen if the alien can demonstrate due diligence. *See Mahmood v. Gonzales*, 427 F.3d 248, 252 (3d Cir. 2005); *Iavorski v. INS*, 232 F.3d 124, 235 (2d Cir. 2000).

However, Yang's motion neither acknowledges nor addresses the untimely nature of his August 31, 2006, filing, and nothing in this record shows that Yang could not reasonably have filed his motion to reopen well before that date.

Yang argues for the first time in his petition for review that the BIA's refusal to toll the filing deadline due to his failure to exercise due diligence, is error "because he did not know of his right to effective assistance of counsel . . . until he was advised [and] did not realize that he was [a] victim of ineffective assistance of counsel until the time of filing his Motion to Reopen." Yang's Br. at 19-20. He also attempts to argue that his motion to reopen is consistent with congressional intent. *Id*. at 20-21. However, we lack jurisdiction to consider the newly raised claims. *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies).

---

[3]We note that this was Yang's second motion to reopen. The regulations do provide for certain exceptions to the time and numerical limitations for motions to reopen. 8 C.F.R. § 1003.2(c)(3). However, none of those exceptions apply here and Yang does not claim that he qualifies for any of them.

4

**III.**

Thus, because Yang failed to comply with the time limitation under 8 C.F.R. § 1003.2(c)(2) and has not demonstrated the required due diligence,[4] the BIA did not abuse its discretion in denying his untimely motion to reopen. Accordingly, we must deny the petition for review without addressing the merits of his claim.

---

[4]Because Yang has not demonstrated due diligence, it is not necessary for us to address the merits of this ineffective assistance of counsel claim.